FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 28, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CODY ALLEN EASTERDAY,<br><br>    Plaintiff,<br><br>    v.<br><br>TYSON FRESH MEATS, INC.,<br><br>    Defendant. | No. 4:23-CV-05019-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss, ECF No. 19. The motion was heard without oral argument.[1] Plaintiff is represented by Charles R. Macedo, David Goldberg, Jeffrey Jacobovitz, Justin Ferraro, Andrew Wagley and Carl Oreskovich. Defendant is represented by Breanna Philips, Jon Jacobs, Alan Smith and Susan Foster.

Plaintiff is suing Defendant for violations of the (1) Packers and Stockyard Act of 1921; (2) Section 2 of the Sherman Act; and (3) Washington Consumer Protection Act. Defendant now moves to dismiss the action with prejudice.

In his Complaint, Plaintiff alleges that "[t]hrough the wielding of immense

---

[1] Pursuant to LR 7.1(i)(3)(iii), the Court has determined that oral argument is not necessary.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1**

market power, resulting from acquisition and consolidation, Defendant has created a monopsony market in the Pacific Northwest region of the U.S." Plaintiff's theory is that cattle feeders in this region have no reasonable choice but to contract with Defendant despite the anti-competitive, unfair, abusive, unjustly discriminatory, and deceptive acts and practices of Defendant, including as to pricing, contract terms, and contract performance. Plaintiff alleges that Defendant has misused its economic power over cattle feeders and contracts.

Plaintiff asserts he is a cattle feeder and President of Easterday Ranches, Inc. for over 20 years. He asserts that he personally and his company were financially harmed by Defendant's acts and practices, including being charged erroneous fees, interest and commissions.

Defendant now moves to dismiss the action, arguing that Plaintiff lacks standing to sue under the Packers and Stockyards Act, the Sherman Act, and the Washington Consumer Protection Act. In addition, Defendant asserts that Plaintiff failed to state a claim because he has not alleged anticompetitive conduct under the Sherman Act; has not alleged unfair practices under the Packers and Stockyards Act; and has not alleged any conduct that had a capacity to deceive a substantial portion of the public or injured public interest to state a claim under the Washington CPA.

## Motion Standard

Defendant is asking the Court to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and Fed. R. Civ. P. 12(b)(6) (failure to state a claim).

### 1. Fed. R. Civ. P. 12(b)(1)

A party may challenge the Court's subject matter jurisdiction under Fed. 12(b)(1). A Rule 12(b)(1) motion may be facial or factual. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2**

invoke federal jurisdiction. *Id.* By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.*

In deciding a facial Rule 12(b)(1) motion, the Court must assume Plaintiff's allegations in the Complaint to be true and draw all reasonable inferences in his favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

### 2. Fed. R. Civ. P. 12(b)(6)

A party may seek dismissal of an action or certain claims under Fed. R. Civ. P. 12(b)(6) because the Complaint fails to state a claim upon which relief may be granted. To survive a rule 12(b)(6) motion to dismiss, a "plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Turner v. City and Cnty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015). "In assessing whether a party has stated a claim upon which relief can be granted, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party." *Id.* "[C]onclusory allegations of law and unwarranted inferences", however, "are insufficient to avoid" dismissal. *Id.* Legal conclusions may provide a framework for a complaint, but "they must be supported by factual allegations." *Id*.

The Court will assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id*. This plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully" but "is not akin to a probability standard." *Id.* (citation omitted). "A claim has facial plausibility when the plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Johnson v. Fed. Home Loan Mortg. Corp*, 793 F.3d 1005, 1007 (9th Cir. 2015) (quotation omitted).

//
//

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3**

### Plaintiff's Federal Claims

1. **Packers and Stockyard Act of 1921, 7 U.S.C. § 181** *et seq*

Congress enacted the Packers and Stockyard Act ("PSA") in 1921 to, in part, regulate packers by preventing them from forming monopolies that would enable them to "unduly and arbitrarily ... lower prices." *Stafford v. Wallace*, 258 U.S. 495, 514–15 (1922). It prohibits a variety of unfair business practices that adversely affect competition. *Pacific Trading Co. v. Wilson & Co., Inc.*, 547 F.2d 367 (7th Cir. 1976).

2. **Section 2 of the Sherman Act**

Section 2 of the Sherman Act prohibits concerted and independent action that "monopolize[s] or attempt[s] to monopolize." 15 U.S.C. § 2. A Section 2 claim includes two elements: (1) the defendant has monopoly power in the relevant market, and (2) the defendant has willfully acquired or maintained monopoly power in that market. *United States v. Grinnell Corp.*, 384 U.S. 563, 570–71 (1966). Both elements are required. *Id.* "The mere possession of monopoly power, and the concomitant charging of monopoly prices, is not only not unlawful; it is an important element of the free-market system." *Verizon Commc'ns Inc. v. L. Offs. of Curtis v. Trinko, LLP*, 540 U.S. 398, 407 (2004). In the context of a Section 2 claim, monopoly power means the power to "control prices or exclude competition." *Grinnell*, 384 U.S. at 571.

### Analysis

Plaintiff lacks standing to bring this action under Section 2 of the Sherman Act and the PSA. *See Eagle v. Star-Kist foods, Inc.*, 812 F.2d 538, 540-543 (9th Cir. 1987); *De Jong Packing Co. v. U.S. Dep't of Agric.*, 618 F.2d 1329, 1335 n.7 (9th Cir. 1980) (noting the PSA "incorporates the basic antitrust blueprint of the Sherman Act and other pre-existing antitrust legislation such as the Clayton Act."). Plaintiff did not personally contract with Defendant to sell cattle. Thus, he is neither a consumer nor competitor in the market for cattle. Rather, he is President

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4**

of Easterday Ranches, which is the entity that allegedly suffered direct injury. The injuries alleged by Plaintiff are derivative of any direct injury to Easterday Ranches. If Plaintiff was allowed to assert antitrust claims, there is a potential for double recovery. Also, Plaintiff falls outside the zone of interest to be protected under both statutes.

Simply put, Plaintiff does not have standing to assert the federal claims presented in his Complaint because each of the claims relates to contracts between Defendant and Easterday Ranches, not Plaintiff individually. Plaintiff has failed to allege an injury direct and independent of Easterday Ranches, and as such lacks standing to bring antitrust claims under the Sherman Act and the PSA. Plaintiff's partial ownership in the property where the cattle was fed is insufficient to give him standing to sue Defendant for alleged acts that were not targeted towards his role as a property owner or landlord.

Because the Court concludes it does not have subject matter jurisdiction to hear Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over the remaining state law claim. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

//
//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, ECF No. 19, is **GRANTED**.

2. Plaintiff's federal claims are dismissed, with prejudice. The Court declines to exercise supplemental jurisdiction over the remaining state CPA claim.

3. The Clerk of Court is directed to enter judgment in favor of Defendant on Plaintiff's federal claims and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 28th day of August 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 6**